UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )  No. 2:13-CR-00037-8-JRG |
| | ) |
| KWANZA TRAVEZE WORTHY | ) |

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's Pro Se Motion for Relief under 18 U.S.C. § 3582(c)(2) [Doc. 730] and the United States' Response in Opposition [Doc. 740]. For the reasons herein, the Court will deny Defendant's motion.

### I. BACKGROUND

In 2013, the United States charged Defendant Kwanza Traveze Worthy in a multi-count indictment, which included a charge of conspiring to distribute and possess with intent to distribute 280 grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. [Superseding Indictment, Doc. 55, at 1–2]. The indictment also included a charge of money laundering, in violation of 18 U.S.C. § 1956(h). [*Id.* at 5]. Mr. Worthy entered into a plea agreement with the United States, pleading guilty to each of these charges. [Am. Plea Agreement, Doc. 219, at 1–2].

The Court sentenced him to 120 months' imprisonment as to each charge, to run concurrently to each other for a net sentence of 120 months. [J., Doc. 391, at 2]. Under § 841(b)(1)(A), this 120-month sentence was a mandatory minimum sentence. § 841(b)(1)(A). Acting pro se, Mr. Worthy now moves the Court for a reduction in his sentence under 18 U.S.C. § 3582(c)(2) and the First Step Act, Pub. L. No. 115-319, 132 Stat. 5194 (2018).

## II.  LEGAL STANDARD

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed,' but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal quotation omitted). Congress enacted one of those exception in § 3582(c)(1)(B), which states: "[t]he court may not modify a term of imprisonment once it has been imposed except that . . . the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute."[1]

The First Step Act "expressly permits courts to impose a reduced sentence" by applying retroactively certain provisions of the Fair Sentencing Act, Pub. L. 111–220, 124 Stat. 2372 (2010). *United States v. Alexander*, 951 F.3d 706, 708 (6th Cir. 2019). Specifically, the First Step Act states that a court may "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." § 404(b), 132 Stat. at 5222. Section 2 of the Fair Sentencing Act increased—from 50 grams to 280 grams—the amount of cocaine base necessary to subject a defendant to the 120-month mandatory minimum sentence under § 841(b)(1)(A). § 2(a)(1), 124 Stat. at 2372.

## III.  ANALYSIS

Although Mr. Worthy argues for a reduction by urging the Court, under the First Step Act, to retroactively apply § 2(a)(1) of the Fair Sentencing Act to his sentence, the United States correctly maintains that Mr. Worthy already received the benefit of the Fair Sentencing Act because it was in effect when the Court sentenced him. [United States' Resp. at 1]. Indeed, the Court sentenced Mr. Worthy in 2014, and the Fair Sentencing Act was already in effect then.

---

[1] Mr. Worthy moves for relief under § 3582(c)(2), which permits Courts to reduce a sentence "based on a *sentencing range* that has subsequently been lowered by the Sentencing Commission" rather than based on a statute like the First Step Act. § 3582(c)(2) (emphasis added). The Court, however—in deference to Mr. Worthy's pro se status—will construe his motion as a request for a reduced sentence under § 3582(c)(1)(B).

*See Dorsey v. United States*, 567 U.S. 260, 270 (2012) (stating that "[t]he Fair Sentencing Act took effect on August 3, 2010"). The Court imposed a sentence in accordance with the Fair Sentencing Act, having sentenced Mr. Worthy to 120 months' imprisonment for conspiring to distribute and possess with intent to distribute at least 280 grams of cocaine base. *See id.* at 269 ("The [Fair Sentencing] Act increased the drug amounts triggering mandatory minimums for crack trafficking offenses . . . from 50 grams to 280 grams in respect to the 10-year minimum."). Mr. Worthy is therefore not entitled to a reduction under the First Step Act. *See* § 404(c), 132 Stat. at 5222 ("No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed . . . in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010.").

## IV. CONCLUSION

Mr. Worthy fails to establish that he is eligible for a reduction under § 3582(c)(1)(B). His Pro Se Motion for Relief under 18 U.S.C. § 3582(c)(1)(B) [Doc. 730] is therefore **DENIED**.

So ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE